UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN SCHNEIDER et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No. 1:18-cv-12239-IT |
| | * | |
| BMW OF NORTH AMERICA, LLC, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AS TO SUBJECT MATTER JURISDICTION

February 15, 2022

TALWANI, D.J.

      Plaintiffs John Schneider, Posnett Omonyi, and Rainerio Reyes bring claims against Defendant BMW of North America, LLC ("BMW") arising out their purchases of BMW vehicles. Pending before the court are the parties' cross motions for summary judgment. BMW's Motion for Summary Judgment [Doc. No. 258] argues, inter alia, that the court lacks subject matter jurisdiction over Plaintiffs' claims. The court addresses this threshold challenge in this Memorandum and Order and will address Plaintiffs' Motion for Partial Summary Judgment [Doc. No. 221] and the balance of BMW's Motion for Summary Judgment [Doc. No. 258] separately.

**I. Discussion**

      BMW asks the court to dismiss Plaintiffs' claims on the ground that Plaintiffs no longer satisfy the minimum amount in controversy required to bring their breach of warranty claims in federal court.

BMW challenged subject matter jurisdiction based on amount in controversy in its Motion to Dismiss [Doc. No. 21] the Amended Complaint [Doc. No. 15], which the court granted without prejudice, Mem. & Order [Doc. No. 44], and in its Motion to Dismiss [Doc. No. 47] the Second Amended Complaint [Doc. No. 45], which the court denied. See Elec. Order [Doc. No. 54]. In denying BMW's second motion, the court found that the "Second Amended Complaint provide[d] with sufficient particularity facts indicating that the [aggregate] cost of repair to the [four] vehicles . . . will not, to a legal certainly, be under $50,000." Elec. Order [Doc. No. 54].[1] The court arrived at this conclusion based on Plaintiffs' assertion that the cost to repair each of four vehicles would be $12,500 to $15,000.

BMW now argues that the voluntary Dismissal [Doc. No. 187] of Plaintiff Oscar Rosario reduced the alleged damages amount below the $50,000 required under the Magnuson-Moss Warranty Improvement Act ("Warranty Act"), Plaintiffs' sole basis for asserting federal jurisdiction. BMW contends that "even accepting the highest possible damages claim asserted by Plaintiffs, their warranty-based damages as pleaded are $5000 shy of the $50,000 threshold." Mem. Summ. J. 3 [Doc. No. 260].

The general principles concerning the determination of amount in controversy appear to be fairly settled. "When a statute includes a jurisdictional amount requirement, the district court must determine whether the matter in controversy stated in the complaint exceeds the prescribed amount before it properly assumes jurisdiction over the case." 14AA Fed. Prac. & Proc. Juris. § 3702 (4th ed.). Where, as here, plaintiffs initiate suit in federal court, "the existence or

---

[1] Although the action was filed on behalf of five Plaintiffs, the claims of Plaintiffs Barbara Reyes and Rainerio Reyes involved the same car. Sec. Am. Compl. ¶¶ 30–40 [Doc. No. 45]. Barbara Reyes subsequently withdrew her claims as duplicative of Ranerio Reyes's claims. Stipulation ¶ 3 [Doc. No. 135].

nonexistence of the amount in controversy . . . is determined on the basis of the facts and circumstances as of the time that an action is commenced in federal court[.]" Id. § 3702.4. "[E]ven if part of the plaintiff's claim is dismissed . . . thereby reducing the plaintiff's remaining claim below the requisite amount in controversy, the district court retains jurisdiction to adjudicate the balance of the claim." Id.

BMW has offered no legal authority to support its contrary arguments that the court should revisit the amount in controversy and is divested of jurisdiction when a party's voluntary dismissal reduces the total amount in controversy below the statutory minimum. In the absence of such authority, BMW's request for dismissal for lack of subject matter jurisdiction is DENIED.

## II. Conclusion

For the foregoing reasons BMW's Motion for Summary Judgment [Doc. No. 258] is DENIED insomuch as the court finds it has subject matter jurisdiction. The court will address the remaining arguments in BMW's Motion [Doc. No. 258] separately.

IT IS SO ORDERED.

February 15, 2022                                                            /s/ Indira Talwani
                                                                             United States District Judge